UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 13-111 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** |
| JAMES PATRICK NEEDHAM, | |
| Defendant. | |

Laura M. Provinzino and Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff,

Douglas Olson, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

On January 9, 2015, James Patrick Needham ("Needham") was convicted by a jury on one count of possession of child pornography and one count of distribution of child pornography. Needham now moves for a new trial pursuant to Federal Rule of Criminal Procedure 33, or in the alternative an evidentiary hearing, alleging juror misconduct on the basis of a post-trial e-mail sent by a juror to the prosecutor. Because Needham has not shown that the juror acted with actual bias, or lied during voir dire, the Court will deny the motion.

## BACKGROUND

Needham was indicted on May 6, 2013 on one count of possession of child pornography, and one count of distribution of child pornography. (Indictment, May 6,

2013, Docket No. 1.)  On January 9, 2015, Needham was convicted by a jury on both counts.  (Redacted Jury Verdict, Jan. 9, 2015, Docket No. 77.)  Assistant United States Attorney ("AUSA") Laura Provinzino was the lead prosecutor in the case.  On Saturday, January 10, 2015, one day after the trial ended, AUSA Provinzino received an e-mail from Brian Arnzen, who had been one of the jurors in the case.  (Resp. to Mot. for Prelim. Order of Forfeiture, Ex. A ("E-mail"), Feb. 27, 2015, Docket No. 84.)

In the e-mail, Arnzen told AUSA Provinzino, "I recognized your last name, and AFTER our verdict and the trial was over, I hoped that I would run in to you to ask if you (or possibly a spouse) had relatives with ties to Melrose [Minnesota]."  (*Id.*)  Arnzen continued, "[i]f you are who I think you are, then Jean Provinzino was your Grandmother???"  (*Id.*)  Arnzen went on to explain that Jean Provinzino had been his teacher in fourth grade in Melrose, Minnesota.  (*Id.*)  Arnzen further recounted helping Jean Provinzino with her banking "on more than a few occasions in St. Cloud" in 2000 and 2001.  (*Id.*)  Throughout the letter, Arnzen also expressed admiration for Jean Provinzino, including that he "wanted to tell [AUSA Provinzino] what a terrific lady your Grandmother was!"  (*Id.*)  He also concluded the letter by stating that Jean Provinzino "was a wonderful lady."  (*Id.*)  With regard to the case, Arnzen wrote, "<u>I did NOT do research of any kind during the trial, but when I got home I was curious.</u>"  (*Id.*)  Arnzen also wrote about the trial that "[t]he evidence was overwhelming."  (*Id.*)

After receiving the e-mail, AUSA Provinzino did not communicate with Arnzen, and disclosed the e-mail to the Court and to defense counsel.  (*Id.*, Ex. B.)  On January 22, 2015, Needham filed a motion for a new trial, on the basis that the juror had failed to

disclose during voir dire that he recognized the prosecutor's family name, and that the juror was biased in favor of the government by virtue of the juror's relationship with AUSA Provinzino's grandmother.  (Def.'s Mot. for a New Trial, Jan. 22, 2015, Docket No. 80.)  Needham later filed a memorandum in support of his motion in which he asks, in the alternative, for an evidentiary hearing.  (Def.'s Mem. of Law in Supp. of Mot. for New Trial or Evidentiary Hearing Due to Juror Misconduct ("Def.'s Mem.") at 2, Mar. 9, 2015, Docket No. 85.)

## DISCUSSION

### I.  MOTION FOR NEW TRIAL

The Sixth Amendment to the United States Constitution guarantees federal criminal defendants "the right to a . . . trial, by an impartial jury."  U.S. Const., amend. VI.  A juror is presumed to be impartial if the juror is able to "render a verdict based on the evidence presented in court."  *United States v. Johnston*, 906 F.2d 1285, 1288 (8th Cir. 1990) (internal quotation marks omitted); *see also United States v. Wright*, 340 F.3d 724, 733 (8th Cir. 2003) ("Impartiality is presumed so long as the jurors can conscientiously and properly carry out their sworn duty to apply the law to the facts of the particular case." (internal quotation marks omitted)).

"Where an attack is made upon the integrity of the trial by reason of alleged misconduct on the part of a juror in failing to disclose information pertinent to the issue of prejudice, the defendant's burden of proof must be sustained not as a matter of speculation, but as a demonstrable reality."  *United States v. Whiting*, 538 F.2d 220, 223 (8th Cir. 1976); *Goeders v. Hundley*, 59 F.3d 73, 75 (8th Cir. 1995) ("To maintain a claim

that a biased juror prejudiced him, however, [the defendant] must show that the juror was **actually biased** against him." (emphasis added)). In extreme cases, a defendant can argue that presumed or implied bias exists, in lieu of actual bias. *United States v. Tucker*, 243 F.3d 499, 509 (8th Cir. 2001); *see also Allen v. Brown Clinic, P.L.L.P.*, 531 F.3d 568 (8th Cir. 2008).

To obtain a new trial based on the allegation that a juror lied or misled the Court during voir dire, a defendant must show "[1] that a juror failed to answer honestly a material question on *voir dire*, and [2] then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Again, though, the real question is whether the juror was not able to act impartially. *Id.* ("The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial."); *see also Tucker*, 243 F.3d at 508 (discussing whether a defendant must show juror dishonesty and actual bias to obtain a new trial, or actual bias alone, and stating that "this case does not require us to settle the question of whether actual bias alone would warrant a new trial, because the district court found that [the defendant] failed to show actual bias on the part of [the juror]" (internal quotation marks omitted)).

Needham has not shown that Arnzen "failed to answer honestly a material question on *voir dire*." *McDonough*, 464 U.S. at 556. Moreover, he has failed to show actual bias. There is no evidence here that Arnzen knew the prosecutor or immediately recognized her name during voir dire. Furthermore, there is no evidence that Arnzen was aware of or focused on the connection between the prosecutor and his former teacher

during voir dire or during trial. Indeed, Arnzen's e-mail states that he did not do research during the trial and that he became curious about AUSA Provinzino's last name "when [he] got home." (E-mail.) In other words, he did not fully realize the connection, or research and look into it, until the trial had ended and he had returned home. Nothing in the record supports Needham's contrary assertion that Arnzen concealed a close relationship with the Provinzino family in order to watch, learn about, and contact the prosecutor. Nor does it show that Arnzen went to "great lengths" to contact AUSA Provinzino. (Def.'s Mem. at 3.) Instead, the record is much more innocuous: Arnzen fully realized the connection when he arrived home and then did some simple research using the internet to confirm the connection and contact the prosecutor.

Moreover, Arnzen's e-mail makes clear that, whether he understood there to be a tie between the prosecutor and his former teacher or not, he was capable of judging the case against Needham impartially, based on the evidence presented. His e-mail explicitly states that the evidence in the case "was overwhelming." (E-mail.) Given the record in this case, and given that the Eighth Circuit has rejected bias allegations against jurors in much closer cases, the Court finds that Needham has failed to show any actual bias on the part of Arnzen and has failed to meet his burden under the *McDonough* test.[1]  *See, e.g.*,

---

[1] To the extent Needham argues that implied bias provides sufficient support for ordering a new trial, the Court disagrees. Findings of implied or presumed bias have "been limited to those extreme situations where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances." *Sanders v. Norris*, 529 F.3d 787, 792 (8th Cir. 2008) (internal quotation omitted). Examples of these extreme situations "include a revelation that a juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction." *Allen*, 531 F.3d at 573 (internal quotation marks omitted).

*United States v. Williams*, 77 F.3d 1098, 1100-01 (8th Cir. 1996) (concluding no juror misconduct occurred—in a case in which the defendant claimed the actual culprit was a juror's grandson who had the same name as the defendant—when the juror was asked whether the defendant's name had any meaning to her and she did not raise her hand).

## II.   EVIDENTIARY HEARING

Even if the Court does not order a new trial, Needham asks for an evidentiary hearing to probe Arnzen's impartiality more thoroughly. The Supreme Court considers an evidentiary hearing the proper remedy for allegations of juror partiality. *Smith v. Phillips*, 455 U.S. 209, 215 (1982). The hearing gives the defendant the opportunity to prove actual bias. *Id.* An evidentiary hearing is not required in every instance, however. *See United States v. Moses*, 15 F.3d 774, 778 (8th Cir. 1994) (concluding that the district court did not err when it did not hold an evidentiary hearing in response to a post-conviction letter from a juror that alleged outside influence during the trial). Courts have discretion in determining whether further inquiry into the defendant's allegations of misconduct is warranted. *Id.* "In the absence of substantiated, non-speculative allegations of material, pre-existing bias or misconduct, we need not permit convicted defendants to waste the time of a district judge or inconvenience jurors merely to conduct a fishing expedition." *United States v. Tucker*, 137 F.3d 1016, 1038 (8th Cir. 1998) (internal quotation marks omitted).

---

The juror's recognition of the prosecutor's family name, and discovery after trial of a decades old teacher-student relationship with the prosecutor's grandmother, does not rise to the level of one of these extreme situations.

An evidentiary hearing is not necessary here due to the nebulous and speculative nature of Needham's allegations, and because there is nothing in the record to lead the Court to believe that Arnzen lied during voir dire or acted with bias during the trial and jury deliberations. Moreover, the Court has no reason to believe that an evidentiary hearing would show anything other than what Arnzen's e-mail already demonstrates: that Arnzen was an impartial juror who performed his duty, and who later confirmed a connection between the prosecutor and his fourth grade teacher and consequently contacted the prosecutor. (E-mail.)

Needham makes significant allegations that he argues require an evidentiary hearing. For example, he claims that "the juror felt a powerful emotional bond with the prosecutor's relative, so much so that the juror mentally transferred the perceived bond to the prosecutor herself." (Def.'s Mem. at 5.) There is nothing in the record to support Needham's characterization of the juror's relationship with the prosecutor. Indeed, implicit in the text of Arnzen's e-mail is that he was not even sure that he knew the prosecutor's family. The juror only became curious and confirmed the connection via internet research **after** the trial had ended. (E-mail ("**[W]hen I got home** I was curious." (emphasis added)).) In sum, because Needham's allegations are unsubstantiated and speculative, the Court will not conduct an evidentiary hearing into his allegations of juror misconduct. *Tucker*, 137 F.3d at 1038.

- 8 -

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that James Patrick Needham's Motion for a New Trial or for an Evidentiary Hearing [Docket No. 80] is **DENIED**.

DATED: May 14, 2015             _____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                         United States District Judge