# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | File No. 13-CR-111-JRT-LIB |
| Plaintiff, | |
| v. | REPLY MEMORANDUM IN SUPPORT OF MOTION TO MODIFY SENTENCE OF IMPRISONMENT |
| James Patrick Needham, | |
| Defendant. | |

James Patrick Needham submits this Reply memorandum to the Government's Response in Opposition to Defendant's Motion for Compassionate Release.

Mr. Needham's initial motion papers show that he suffers from serious health conditions, including heart disease, high blood pressure, and atrial fibrillation, obesity, and a life-threatening allergy to red meat. He did contract COVID-19 in late December 2020 and continues to experience serious health repercussions from it. Because of his underlying health conditions, he has experienced severe side effects from other vaccines, and is gravely concerned that he is at an elevated risk of prolonged complications and death from the COVID-19 vaccine and other treatment. For the reasons stated in his initial motion, Mr. Needham has effectively exhausted his administrative remedies, and put forth evidence to show the "extraordinary and compelling reasons" his release.

The government downplays Mr. Needham's life-threatening allergy and co-morbidities, and essentially states that he is in no danger after contracting the virus. The government further relies on speculation to argue that Mr. Needham poses a significant risk to the community, despite the fact that his criminal history is limited to alcohol-related tribal offenses. There is no evidence of him being a contact offender or otherwise having a history involving sexual abuse of minors. Mr. Needham has demonstrated that his life has changed since he met and married his wife, after his arrest. He has the support of his wife, a plan for his release, and the resources and skills to make it succeed and to rebuild his life. For these reasons, the Court should grant Mr. Needham's motion.

I.  **The Government dismisses the significant risks COVID-19 places on Mr. Needham.**

Mr. Needham's life-threatening allergy to meat, pulmonary hypertension, atrial fibrillation, history of smoking, and obesity are significant co-morbidities that have caused him to experience complications from vaccines in the past. For example, he had a negative reaction to an MMR vaccine received on October 14, 2017, which required several follow-up medical appointments. (*See* Doc. 138, Appendix at 84, 42-44.) In the weeks after receiving an MMR vaccine, he experienced chest tightness and shortness of breath after walking. (*Id.* at 42.)

Mr. Needham reports that he experienced wheezing, shortness of breath, and a temporary loss of smell and taste from the COVID-19 infection. He continues to experience long-term effects from COVID-19, including the inability to walk more than short distances, which he has reported to his medical team. (Declaration of James Needham at ¶ 1.) With his health history, Mr. Needham discussed the risks and benefits of receiving monoclonal antibodies with the Certified Physician Assistant and decided that the risks significantly outweighed the benefits of such treatment. (Doc. 145-1 at 21; Decl. of James Needham at ¶ 2.) Mr. Needham is concerned that COVID-19 will negatively impact his heart and that long-haul lung symptoms will shorten is life expectancy. (Needham Decl. ¶ 3.)

II. **Mr. Needham does not pose a danger to the safety of the community.**

The government focuses almost exclusively on the severity of Mr. Needham's offenses and his criminal history, which does not include any sexual offenses. Instead, Mr. Needham has never had sexual contact with a minor and in the four years between the execution of a search warrant and his sentencing, demonstrated an ability to conform his behavior and remain law abiding. His criminal history contains no history of aberrant behavior towards children and consists entirely of alcohol-related tribal convictions.

The government ignores that "evidence of postsentencing rehabilitation may be highly relevant to several of the §3553(a) factors that Congress has expressly instructed district courts to consider at sentencing." *Pepper v. United States*, 562 U.S. 476, 491 (2011). Mr. Needham has received his G.E.D., attended drug treatment, and completed significant coursework. Mr. Needham reports that he has been unable to enroll in alcohol or sex offender treatment at FMC-Rochester, but he intends to complete the mandatory treatment as soon as possible, including while on supervised release. (Needham Decl. at ¶ 4.)

The government's arguments fail to address the rehabilitation and programming afforded to Mr. Needham while incarcerated. He is not the same danger to the community today that he was before incarceration. Mr. Needham's offenses were the result, at least in part, of addiction and trauma. (See PSI at 7, 19-20); see also Bennett, No. 15-cr-260(10) (PAM/TNL) at *3 (granting motion for compassionate release after acknowledging that inmate's criminal history was "reflective of his struggles with drug addiction and his traumatic upbringing").

Based on Mr. Needham's post-conviction conduct and his underlying health conditions, this Court should conclude Mr. Needham's risk of recidivism is small. If released Mr. Needham's focus in supervised release will be focused on continued rehabilitation, with the help of a supportive family.

**Conclusion**

For the foregoing reasons, Mr. Needham respectfully requests that the Court grant his § 3582(c) motion to modify his sentence to time served, with his fifteen years of supervised release to begin immediately.

Dated: March 16, 2021         Respectfully submitted,

<u>*/s/ Amy Conners*</u>
Amy Conners

BEST & FLANAGAN LLP
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
Telephone: (612) 339-7121
aconners@bestlaw.com
aleitch@bestlaw.com

*Attorneys for James Patrick Needham*