# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 13-111 (JRT/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE** |
| JAMES PATRICK NEEDHAM, | |
| Defendant. | |

Laura M. Provinzino, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Amy Slusser Conners, **BEST & FLANAGAN**, 60 South Sixth Street, Suite 2700, Minneapolis, MN 55402, for defendant.

Defendant James Patrick Needham is serving a 120-month sentence after being found guilty of possession and distribution of child pornography. Needham moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Because extraordinary and compelling reasons warrant reduction of his sentence, and such a reduction is consistent with the 18 U.S.C. § 3553(a) sentencing factors and applicable policy statements, the Court will grant Needham's Motion for Compassionate Release.

## BACKGROUND

On January 9, 2015, Needham was found guilty of possession and distribution of child pornography. (Redacted Jury Verdict, Jan. 9, 2015, Docket No. 77.) He was then

sentenced to a 120-month term of imprisonment and a 15-year term of supervised release.  (Am. Sentencing J. at 2–3, July 25, 2016, Docket No. 126.)

Needham is currently incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester").  *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited May 28, 2021).  He has served approximately 64 months, or 63% of the statutory term of imprisonment.  (*See* Sealed Ex. at 4, Feb. 16, 2021, Docket No. 138.)  Needham's projected release date is August 10, 2024; however, as an elderly offender, he will be eligible for release on October 3, 2022.  (*Id.*)

Needham has extensive health concerns.  He is clinically obese and prediabetic.  (*See* Def.'s Sealed Ex. pt. 2 at 147, Feb. 16, 2021, Docket No. 138-1.)  Additionally, he suffers from heart disease, high cholesterol, hypertension, and atrial fibrillation, and he is severely allergic to red meat.  (*Id.* at 21–22, 146.)  He also has a history of alcohol dependence and tobacco abuse.  (Def.'s Sealed Ex. pt. 1 at 5.)

Because of these concerns, coupled with the COVID-19 pandemic, Needham filed a request for compassionate release with FMC Rochester staff on June 24, 2020.  (Def's Sealed Ex. pt. 2 at 235.)  His request was denied by the warden on August 13, 2020, of which Needham received notice on October 8, 2020.  (*Id.* at 236.)

On December 22, 2020, Needham tested positive for COVID-19.[1]  (Gov't's Sealed Ex. 1 at 28, Mar. 10, 2021, Docket No. 145-1.)  During the two-week period following this positive test, Needham did not report having any severe complications.[2]  (*Id.* at 47, 49–56.)  However, he states that he experienced wheezing, shortness of breath, and a temporary loss of smell and taste.  (Decl. James P. Needham ("Needham Decl.") ¶ 2, Mar. 16, 2021, Docket No. 147.)  Additionally, Needham avers that he continues to experience long-term effects from COVID-19, such as only being able to walk short distances.  (*Id.*)

Due to the still lingering pandemic and his medical history, Needham now asks the Court to reduce his sentence to time served.[3]  (Mot. Compassionate Release, Feb. 16, 2021, Docket No. 136.)  The United States opposes the Motion.

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)).  The law now allows defendants, in addition

---

[1] As of May 28, 2021, FMC Rochester has reported 421 COVID-19 cases among inmates and staff.  *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 28, 2021).  There have been no reported COVID-19-related deaths during the pandemic at FMC Rochester.  *Id.*

[2] At this time, Needham was also advised that he was eligible to receive monoclonal antibody treatment.  (Gov't's Sealed Ex. 1 at 21.)  However, because of the risks posed by his underlying health conditions, he declined the treatment.  (Decl. James P. Needham ¶ 3, Mar. 16, 2021, Docket No. 147.)

[3] Needham also filed a Motion to Seal.  (Docket No. 140.)  Because the documents sought to be sealed involve particularly sensitive material, the Court will grant this Motion and order that the documents remain sealed for fifteen years after the date of this Order.

to the Bureau of Prisons ("BOP"), to move for compassionate release after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). If, as relevant here, the 30 days have lapsed, the Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Court first notes that "the COVID-19 pandemic is extraordinary and unprecedented in modern times . . . and hinders the ability of BOP to provide adequate care for all inmates." *United States v. Gutierrez*, No. 98-279(8), 2020 WL 3839831, at *2 n.2 (D. Minn. July 8, 2020) (cleaned up). Although Needham has already been infected by the coronavirus and reinfections are rare, they have been reported and are expected.[4] Thus, Needham remains at an increased risk of developing severe complications based on several of his serious medical conditions.[5] As such, the Court finds that extraordinary and compelling reasons exist that may warrant a sentence reduction.

---

[4] *Reinfection with COVID-19*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020).

[5] *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).

When determining whether to reduce a defendant's sentence, the Court also considers such factors as the defendant's criminal and personal history, the nature of the offense, whether release would pose a danger to the safety of any person or the community, whether effective medical care can be provided, and the inmate's release plan. *See* 18 U.S.C. § 3553(a) (factors considered at sentencing); U.S.S.G. § 1B1.13; Fed. Bureau of Prisons, Program Statement 5050.50 at 12 (2019) (providing a nonexclusive list of factors).[6]

Because of Needham's many medical conditions and the fact that he still suffers complications from COVID-19, the Court finds that Needham's medical needs will be best met outside the prison system. *Cf.* 18 U.S.C. § 3553(a)(2)(D). With respect to Needham's criminal history, no offenses outside of the instant offense involved imprisonment or elevated his criminal history beyond the first sentencing level. Additionally, alcohol abuse may have contributed to the instant offense, abuse for which he would be able to receive treatment, but only if released, as such treatment has been unavailable at FMC Rochester because of the pandemic. For the same reason, Needham has been unable to receive sex offender treatment in prison, treatment of paramount importance given the serious nature of his crime. Thus, the Court finds that necessary correctional treatment would be more effectively provided upon supervised release. *Cf. id.*

---

[6] The Program Statement is accessible at https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *see also Reno v. Koray*, 515 U.S. 50, 61 (1995) (holding that BOP program statements are entitled to some deference).

The Court also recognizes that Needham showed remorse for his actions at sentencing and has had no major disciplinary infractions while serving almost two-thirds of the statutory term of imprisonment. Further, the Probation Office approved his release plan and has proposed additional conditions to prevent child pornography or sexually stimulating material from being accessed, which the Court will impose. As such, the Court finds that reducing Needham's sentence to time served would not minimize the severity of the offense or pose a danger to any person or the community. *Cf. id.* § 3553(a)(1)(A), (C).

In sum, the Court concludes that time served, together with the 15-year term of supervised release originally imposed along with additional conditions, add up to a sentence sufficient, but not greater than necessary, to provide just punishment for Needham's crime. The Court will therefore modify his sentence accordingly.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Needham's Motion for Compassionate Release [Docket No. 136] is **GRANTED**.

2. The Court modifies Needham's sentence as follows:

    a. The remainder of Needham's term of imprisonment is reduced to time served.

    b. The Bureau of Prisons is directed to release Needham as soon as practicable. The United States shall serve a copy of this order on the warden at FCM Rochester immediately.

c. Needham shall serve the 15-year term of supervised release imposed in the original sentence, and the Probation Office shall begin supervision immediately. In addition to the conditions imposed in the original sentence, while on supervised release, Needham:

     i.  Shall provide the Probation Officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills; and

     ii. Shall not possess, view, access, or otherwise use child pornography or any material that is sexually stimulating or sexually oriented or deemed to be inappropriate by the Probation Officer in consultation with the treatment provider.

3. Needham's Motion to Seal [Docket No. 140] is **GRANTED**. The Clerk of Court is instructed to seal the documents filed at Docket Nos. 138 & 138-1 for fifteen years.

DATED: June 2, 2021  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court